Singh v. Barr

BIA
A200 905 739

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand nineteen.

PRESENT:
>    ROBERT D. SACK,
>    GERARD E. LYNCH,
>    CHRISTOPHER F. DRONEY,
>        *Circuit Judges.*

_____

DALJIT SINGH,
>        *Petitioner,*

>    v.                                              17-2596
                                                     NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Usman B. Ahmad, Long Island City, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Elizabeth K. Fitzgerald-Sambou, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Daljit Singh, a native and citizen of India, seeks review of a July 25, 2017, decision of the BIA, denying his motion to reopen. *In re Daljit Singh,* No. A200 905 739 (B.I.A. July 25, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material . . . ." 8 C.F.R. § 1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7)(B). The BIA did not abuse its discretion in denying Singh's motion to reopen because his evidence failed to rebut the agency's underlying adverse credibility determination. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (finding no abuse of discretion in the BIA's denial of a motion to reopen when it "clearly explained that the evidence submitted by petitioner in support of [the] motion was not 'material' because it did not rebut the adverse

2

credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application.").

In his underlying proceedings, Singh claimed that members of the Akali Dal Badal political party had attacked him and would attack him in the future on account of his membership in the Akali Dal Mann party. He raised the same claim in his motion to reopen, and submitted affidavits asserting that Badal Party members had recently attacked his brother and friend when they refused to reveal Singh's whereabouts. The BIA did not abuse its discretion in declining to credit these affidavits given the underlying adverse credibility determination and given that they were prepared by friends and family members in India. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Further, the newly submitted evidence did not overcome Singh's problematic demeanor or his prior inconsistent evidence.

The BIA also did not abuse its discretion in failing to explicitly discuss Singh's country conditions evidence. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) ("[W]e reject any implication . . . that where the BIA has given reasoned consideration to the petition, and made adequate

3

findings, it must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." (internal quotation marks omitted)); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). Singh has not cited any specific evidence that the BIA ignored, directed the Court's attention to any specific evidence that is relevant, or explained how his generalized country conditions evidence overcomes the underlying adverse credibility findings.

Given that Singh's underlying claim was based on the same factual predicate as the claim raised in his motion to reopen, his failure to rebut the adverse credibility determination was fatal to his motion to reopen to apply for asylum, withholding of removal, and CAT relief. *See Kaur*, 413 F.3d at 234; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

4